UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKHAI NGUYEN | CIVIL ACTION |
| VERSUS | NO. 22-3801 |
| UNITED STATES POSTAL SERVICE | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by defendant the United States Postal Service ("USPS").[1]  The motion was set for submission on August 10, 2023.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 2, 2023.  Plaintiff Jackhai Nguyen, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 23.

[2] R. Doc. 23-1.

[3] Nguyen filed this tort action against the USPS seeking damages for the loss of a diamond tennis bracelet that she sent through registered mail. R. Doc. 1 at 1-3. USPS moves to dismiss for lack of subject-matter jurisdiction because (1) Nguyen failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"); (2) she improperly named the USPS, rather than the United States of America, as the defendant; and (3) the United States has not waived sovereign immunity for claims involving property lost in the mail. R. Doc. 23-2 at 1-7.  The USPS is correct in all respects.  The FTCA is a limited waiver of the United States government's sovereign immunity. *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019) (citing 28 U.S.C. § 1346(b)(1)).  Thus, "the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Specifically, the FTCA provides a waiver of sovereign immunity for "civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  However, the FTCA's waiver of sovereign immunity "shall not apply to any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b). Under the FTCA, "an action shall not be instituted upon a claim against the United States for money damages … unless the claimant shall have first presented to the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Failure to pursue administrative remedies is a jurisdictional bar to filing suit under the FTCA.  *Gregory v. Mitchell*, 634 F.2d

IT IS ORDERED that USPS's motion to dismiss is GRANTED, and Nguyen's claims are DISMISSED.

New Orleans, Louisiana, this 3rd day of August, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

199, 203-04 (5th Cir. 1981).  As stated by the USPS, Nguyen improperly named the agency, not the United States as the defendant, failed to exhaust administrative remedies, and brings a claim for lost mail, which is not covered by the FTCA.  Accordingly, the USPS's motion to dismiss must be granted.